**WILLIAMS v. UNITED STATES.**

No. 13256.

United States Court of Appeals
Ninth Circuit.

April 2, 1953.

Writ of Certiorari Denied June 15, 1953.

See 73 S.Ct. 1149.

Jerry J. O'Connell, Great Falls, Mont., for appellant.

Dalton Pierson, U. S. Atty., and H. D. Carmichael, Asst. U. S. Atty., Butte, Mont. and Emmett C. Angland, Great Falls, Mont., for appellee.

Before STEPHENS and POPE, Circuit Judges, and McCORMICK, District Judge.

STEPHENS, Circuit Judge.

Wiley James Williams registered under the Selective Service Act of 1948, 62 Stat. 604, now the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451, et seq., on September 7, 1948. He requested and received a Conscientious Objector form which he filed with his local Board on November 1, 1948. On August 8, 1950, Williams was classified 1–A.

Thereupon he requested a personal hearing by his local Board in connection with his claim that he was a conscientious objector. On September 1, 1950, after his hearing had been held, he was notified that his request for a conscientious objector classification had been denied and that he had been retained in class 1–A. He did not appeal.

On October 2, 1950, Williams, as a registrant, was given an armed forces physical examination under the Board's authority and was found physically fit for service. On the following day, October 3, 1950, he notified the clerk of the Board that he had been married since July 13, 1950. He alleges that the clerk told him that "he would be reconsidered and given a different classification." Registrant was not reclassified, but was ordered to report at a designated induction center for induction on December 14, 1950, but he did not report. Thereafter he was indicted for wilfully failing and refusing to perform a duty required by the Selective Service Act of 1948 and the Rules. and Regulations issued pursuant to the Act, in that "he evaded and refused to submit. to induction and to be inducted into the Armed Forces of the United States." He was tried, convicted and sentenced. He appeals, and specifies twenty-seven points of error.

Appellant in his first point alleges: that he was denied due process of law by the court's refusal to grant a continuance pending his attorney's recovery of his. health. The granting of a continuance is. not a matter of right, but is always within the sound discretion of the court. Nor will the court's exercise of its discretion be disturbed unless it is abused to the prejudice of the complaining party. Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220. The record indicates that the trial was held thirteen days after the request for a continuance was denied; and there is no showing that appellant made any attempt during that time to substitute counsel. More to the point, the record discloses a sustained,. vigorous, and alert defense by appellant's attorney during the trial. There was no. error in refusing to grant a continuance.

Appellant's points 3, 18, 19, 20 and 24 all deal with the allegation that the government

failed to prove the crime charged. The indictment was laid under 50 U.S.C.A.Appendix, § 462(a) and was entitled "Failure to Report for Induction". It specifically charged appellant as follows:

"On or about the 14th day of December, 1950, in the District of Montana, Wiley James Williams knowingly and wilfully failed and refused to perform a duty required of him under the Selective Service Act of 1948 and the Rules and Regulations issued pursuant to said Act, in that he evaded and refused to submit to induction and service and to be inducted into the Armed Forces of the United States."

■ Appellant takes the position that the government proved only that appellant had not reported to the local Board for transportation to the induction center, and that such proof falls short of the charge in the indictment that appellant "refused to submit to induction". Appellant argues that since his actual induction is contingent upon his passing the examinations at the induction center as to physical, mental, and moral fitness, his failure to report does not amount to a refusal to be inducted. That argument is supported neither by logic nor the law. A local Board's order to a registrant to report for induction marks the culmination of the civilian administrative authority under the Selective Service Act. At that point the registrant has been selected by the civilian authorities for military service.

■ It is true that the armed forces at the induction center may reject a selectee who does not meet their standards. However, the authority of the armed forces to accept or reject a selectee does not in any way affect the selectee's duty to obey the order of his local civilian Board. The discretion retained by the armed forces does not have the effect of changing a local Board's order to report for induction into two separable orders: one to report to the induction center, the other to submit to induction. Of course, the command to submit to induction is the substance of the order, while the command to go to the induction center is procedural. Billings v. Truesdell, 1944, 321 U.S. 542, 64 S.Ct. 737,

88 L.Ed. 917; Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. The selectee's bounden duty is to be inducted and his wilful absence from the designated place of induction is a definite refusal to be inducted. Proof that appellant wilfully stayed away from the induction center with full knowledge of the order was sufficient to prove the allegation of the indictment.

■ Appellant further contends that the district court erred in refusing to admit evidence to sustain his claim that he had not been given a full, fair, and impartial hearing by his local Board (points 6, 7, and 12), and evidence as to his request for a classification as a conscientious objector (points 8, 9, 10, and 11), and finally evidence as to his claim for deferment as a regular minister of religion (point 13). The district court did not commit error in refusing to allow appellant to introduce evidence on either of the instances mentioned. The administrative trial on the issues was before the Board. The Board ruled adversely to appellant's claims and he did not avail himself of the right to appeal. After intentionally refusing to conform to the order of the Board, the selectee may not challenge his classification in a criminal prosecution for his failing to do so since he also failed to pursue the appellate steps provided by the Selective Service Act. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. The district court has no power to try these issues though it has the power and duty to see that due process has been had.

■ Appellant asserts that the Board exceeded its jurisdiction in its order because, in not ruling upon his marital status, it had prevented him from appealing from his classification in 1–A on the ground that he was married. He did not request reclassification but on October 3, 1950, he merely handed the Board's clerk a statement written on paper headed "Selective Service System", reading as follows:

"I was married July 13, 1950 to Matilda Arellana at Yakima, Wash.

"Wiley J. Williams"

Assuming, however, that the writing constituted a sufficient written request for re-

classification, it came too late, for a part of the regulations promulgated under the Selective Service Act requires that:

"[e]ach classified registrant * * * within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification such as, but not limited to, any change in his * * * marital * * * status * * *." 32 CFR § 1625.1.

Registrant's failure to notify the local Board of his change in marital status within the time allowed constituted a waiver of any claim for deferment on the basis of such change in status.

Furthermore, as the Supreme Court pointed out in Estep v. United States, supra, the Selective Service Act requires a selectee to come to the brink of induction before he may obtain a judicial review of his classification.[1] Congress, in setting up the selective process, sought to avoid delays from premature litigious interruption. See Falbo v. United States, supra. Prior to the time when a selectee is found acceptable any injury resulting from the action of his Board has not materialized, since he might be rejected. But when the moment arrives to take the oath, administrative relief from injury to his constitutional rights is not available. He must then take the symbolic "one step forward" which signifies that he has complied with all the steps in the selective process. Only then will judicial review of an alleged violation of a selectee's constitutional rights by his local Board be available. Falbo v. United States, supra, 320 U.S. at page 554, 64 S.Ct. at pages 348, 349. Appellant did not comply with all the steps in the selective process. Therefore, he may not attack his classification or the Board's procedure. The district court did not err in excluding evidence of appellant's marital status (points 2, 4, 5), or in excluding any reference to the administrative aspects of appellant's selection (points 16, 22, 23, and 25). That left only the issue of

whether the requisite intent to violate the Selective Service Act was present (points 14, 15, and 17), inasmuch as he was charged with "knowingly and wilfully" refusing to submit to induction. That intent was found in appellant's act is inherent in the verdict of guilty.

The reading by the court of the entire criminal section of the Selective Service Act to the jury (point 21) was not error. The jury was properly instructed on the relevant portions. Nor was there the slightest evidence of any bias or prejudice demonstrated by the court against the defendant-appellant (point 26). There is sufficient evidence to support the verdict (point 27).

Affirmed.

---

[1]. There is "no provision for judicial review of a registrant's classification prior to the time when he [has] taken all the steps in the selective process and [has] been finally accepted by the armed services." Estep v. United States, 1946, 327 U.S. 114, 115, 116, 66 S.Ct. 423, 424, 90 L.Ed. 567.