Jan Emil DONATO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18161.

United States Court of Appeals Ninth Circuit.

Jan. 24, 1963.

Rehearing Denied Feb. 26, 1963.

J. B. Tietz, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; J. Brin Schulman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and BROWNING, Circuit Judges.

### PER CURIAM.

Appellant stands convicted of refusal to submit to induction under the Universal Military Training and Service Act, 50 U.S.C.Appendix, § 462. He asserts that he is a conscientious objector and that there was no basis in fact for his classification as 1–A by his local board. The United States asserts that appellant failed to take an administrative appeal from the local board's ruling; that appellant accordingly has failed to exhaust his administrative remedies and that this should preclude resort to the courts upon the merits of his claimed exemption. Appellant asserts that he had intended to take an administrative appeal and that his failure to do so was due to the fact that he had been called to duty as a fire fighter in the Los Angeles area; that under these circumstances the exhaustion of remedies rule should be relaxed.

In Donato v. United States, 9 Cir., 1962, 302 F.2d 468, these issues were presented to this court and the applicable law was there discussed. It appeared that the district court, in finding appellant guilty, had applied the exhaustion of remedies rule. It did not appear from the record that the court had given consideration to the circumstances under which appellant had failed to take his administrative appeal. We deemed essential to informed appellate review an expression by the district court as to whether it had considered the excuses presented by appellant for his failure to exhaust his administrative remedies and directed the district court to render its decision upon the question whether under all the circumstances of this case a relaxation of the exhaustion of remedies rule would be just and proper.

This the district court has now done in a certificate to this court. That certificate states in part, "This court did consider the testimony and evidence presented by defendant, balanced the competing consideration, and concluded that under all of the circumstances of this case, a relaxation of the exhaustion of administrative remedies rule would not be just and proper. This court has reviewed the records and files of the case, including the reporter's transcript, and presently is of the same opinion."

The district court in its certificate also states that it disbelieved the appellant's statement that he intended to take an administrative appeal and concludes, "It is clear that the defendant's failure to appeal administratively was deliberate and intentional."

Appellant attacks the district court's reasons for its disbelief as outlined in its certificate. We find them to bear rationally on the issue of credibility.

Judgment affirmed.