UNITED STATES of America,
Plaintiff,

v.

Richard Byrne GRIZZARD, Defendant.

Cr. 32555.

United States District Court
S. D. California,
Central Division.

Nov. 26, 1963.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

J. B. Tietz, Los Angeles, Cal., for defendant.

CURTIS, District Judge.

The defendant here is charged with knowingly failing and refusing to be inducted into the Armed Forces in violation of Title 50 U.S.C.App. § 462. At his trial the case was submitted upon his Selective Service record and his motion for acquittal. The defendant offered no evidence.

It appears from the record that on September 20, 1956, defendant registered with his local draft board; on September 17, 1959, he was classified 3A and given a year's dependency deferment upon his showing that he was supporting his invalid mother. In September 1960 and again in November 1961 he obtained additional dependency deferments upon the same showing. On November 26, 1962, the defendant again filed a dependency questionnaire, Form 118, which although substantially the same as the earlier questionnaires did, in fact, differ in these respects. First, whereas he had previously reported that he was employed, the new questionnaire stated that he was temporarily unemployed. Second, whereas in his earlier questionnaire he had listed his older brother as a member of the family, in his later questionnaire he omitted such reference. Filed with the questionnaire was a doctor's statement indicating that defendant's mother would be able to return to work in approximately two months. On December 10, 1962, defendant was classified 1A and ordered to appear for physical examination.

Defendant first contends that since his status was substantially the same in November 1962 as it had been in the earlier years in which he had filed dependency questionnaires, the board's refusal to again classify him as 3A and give him a dependency deferment was arbitrary and capricious and that the changes hereinabove referred to in his situation could not be a proper basis for a change in his classification.

■ At least insofar as the board had before it some evidence of the expected improvement in defendant's mother's condition there was some basis for its new classification, and it is well settled that the sufficiency of the evidence before a Selective Service Board is not a matter of judicial review. Boyd v. United States, 269 F.2d 607 (Ninth Cir. 1959).

■ Furthermore, a registrant is not entitled to judicial review of any classification from which he did not appeal. Kaline v. United States, 235 F.2d 54 (Ninth Cir. 1956); Williams v. United States, 203 F.2d 85 (Ninth Cir. 1953); Rowland v. United States, 207 F.2d 621 (Ninth Cir. 1953). The defendant did not appeal nor, in fact did he thereafter complain of the board's action in this regard until upon his motion to acquit, which is now pending before the court.

After passing his physical examination the defendant received a notice mailed by the board on February 26, 1963, ordering him to report for induction on March 28, 1963. On March 18, 1963, the defendant filed another dependency questionnaire Form 118 but also filed for the first time special form for a conscientious objector, SSS Form 150. On March 25, 1963, the defendant was notified by the board that on account of his mother's condition his induction was deferred until May 1963 and that his Form 150 had been reviewed and con-

sidered along with information furnished by the defendant and that "it was felt by the board that your case did not warrant the reopening or change in your classification at this time."

■ Defendant contends that the denial of his claim for classification as a conscientious objector and the board's refusal to reopen his case was arbitrary, capricious, contrary to law and a denial of due process.

32 C.F.R. 1625.2 provides in part

" * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

Since the board mailed its notice of order to report for induction on February 26, 1963, it was not required to reopen the classification upon receiving defendant's claim as a conscientious objector which was not received until March 18, 1963, unless it specifically found that there had been a change in registrant's status resulting from circumstances over which the registrant had no control. The board made no such finding and hence the board could not lawfully reopen the case, Boyd v. United States, supra.

In the Boyd case the court upheld the Selective Service Board in refusing to reopen the registrant's classification after receiving his SSS Form 150 in which he claimed to be a conscientious objector. In this connection the court said:

"Insofar as due process is concerned, we are thus concerned only with determining whether the Board acted arbitrarily or reasonably in impliedly holding under the proviso of 32 C.F.R. § 1625.2 hereinabove quoted, that there was no 'change in the registrant's status resulting from circumstances over which the

registrant had no control'. The court below inferentially held the Board acted reasonably and not arbitrarily, and we agree, although the sufficiency of the evidence before the Board is not a matter for judicial review. United States ex rel. Kotzen v. Local Exemption Board No. 157, D.C.S.D.N.Y.1918, 252 F. 245, 248."

■ Although the question was not raised, the court indicated that whether or not religious convictions prompted by the registrant's conscience would be "a change in the registrant's status resulting from circumstances over which the registrant had no control" was a question of fact for the board. This appears to be a sound rule and we would apply it here. The Selective Service Board had before it evidence of the registrant's belief and also had the benefit of a personal interview which gives emphasis to the propriety of the rule that the Board's determination based upon evidence is beyond judicial review.

■ Defendant further contends that he was denied due process in that the board failed to make advisors available to him and failed to have posted in a conspicuous place the names and addresses of such advisors (as authorized and required by 32 C.F.R. 1604.41). But such failure is not per se a violation of due process unless some prejudice be shown. Kaline v. United States, supra; Frank v. United States, 236 F.2d 39 (Ninth Cir. 1956). The defendant here has, himself, stated that the reason he did not file a Form 150 sooner was that he did not know until just before he filed it that his church did not allow him to serve in the Armed Forces. Defendant's problem, then, was not lack of advice concerning the law but lack of familiarity with the religious beliefs of his church.

Furthermore, even after the time for appeal from defendant's classification of 1A had expired and after the board had refused to reopen his case, it nevertheless continued to receive and consider correspondence and papers supplied by the de-

fendant. He was also given a personal interview where he was permitted to explain his beliefs, after which the board again concluded that the facts did not warrant reopening his classification.

In spite of defendant's contention to the contrary, the evidence here is ample and adequate to support the board's findings and action. Defendant's motion for acquittal is, therefore, denied and the court finds him guilty as charged.