**Robert Henry GREIFF, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19569.**

United States Court of Appeals
Ninth Circuit.

July 21, 1965.

Carl Maxey, Spokane, Wash., Riner E. Deglow, Spokane, Wash., for appellant.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Greiff appeals from a judgment convicting him of a violation of 50 U.S.C. App. § 462, by wilfully failing to report for induction into the armed forces. He was tried by the court, which found that

he had deliberately and intentionally failed to avail himself of administrative review of his I-A classification. The record supports the finding, and the judgment must be affirmed.

Greiff registered with his local Board on May 29, 1958, when he became 18 years old. On June 3, he filed a request for classification as a conscientious objector, claiming exemption from both combatant and non-combatant service. On June 16, he answered a questionnaire propounded to him by the clerk of the Board. On June 19, he was classified I-A. He was so notified by mail, the card containing a full description of his right to appeal. He did not appeal, did not seek reconsideration, in fact, did nothing at all. On December 26, 1961, he submitted to the required physical examination and was found fit. He was so notified on January 4, 1962. He continued to do nothing about his classification, and was ordered to report for induction on September 19, 1963. He did not report.

█ His only excuse for failure to appeal is that he did not know of his right to appeal because, when he saw that he was classified I-A, he did not read anything else. He also claims that he did not know that he could have requested a re-examination of his classification. The court did not accept the explanation, finding that he chose to remain ignorant of his rights. The record fully supports the conclusion.

█ Under these circumstances, we need not consider the merits of his claim to be a conscientious objector. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Evans v. United States, 9 Cir., 1958, 252 F.2d 509; Prohoroff v. United States, 9 Cir., 1958, 259 F.2d 694; Donato v. United States, 9 Cir., 1962, 302 F.2d 468; same, 9 Cir., 1963, 314 F.2d 67. Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 is not here in point. There the registrant did exhaust his administrative remedies.

Affirmed.