**UNITED STATES of America,**
**Plaintiff,**

v.

**Berwin Houston THOMPSON, Jr.,**
**Defendant.**

**Crim. No. 66–12.**

United States District Court
W. D. Oklahoma.

April 12, 1966.

David A. Kline, First Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Hayden C. Covington, New York City, for defendant.

DAUGHERTY, District Judge.

The defendant, Berwin Houston Thompson, Jr., is charged in this case by a Grand Jury Indictment with violating Title 50 U.S.Code App, Section 462, in that after being classified as 1–A by his Local Board thereby making him subject to induction into the military service and being notified of such classification, the defendant upon being ordered to report for induction into the military service knowingly, willfully and unlawfully failed and refused to submit to induction into the military forces of the United States for combatant service, with intent on the part of the defendant to evade such service.

A stipulation of the parties and the Selective Service File of the defendant were received in evidence.

It appears that this defendant was partially processed in the State of California and by transfer orders made at his request was partially processed in the State of Oklahoma. The Court finds this procedure to conform and is aware of no objection in this respect.

It appears from the evidence without dispute that the defendant registered with his Local Board and filed his questionnaire with said Board; that thereafter his Local Board classified him as 1–A; that no appeal was in fact perfected from the 1–A classification of the Local Board; the defendant was ordered by appropriate authority to report for in-

duction, the induction station being designated as Oklahoma City, Oklahoma; and that the defendant reported to the induction station pursuant to his directive but on May 25, 1965, did then and there refuse to submit to induction into the military forces of the United States.

■ The Court, therefore, finds that the defendant was classified 1–A by his Local Board; that he received notice thereof; that he did not appeal this classification to the Appeal Board; that he was ordered for induction into the military service pursuant to said classification but refused to submit to induction into the military service.

It is the contention of the Government that in these circumstances the defendant has failed to exhaust his administrative remedies by availing himself of his right to appeal, and that the defendant has shown no adequate or proper cause or reason for a relaxation of the rule that such administrative remedies must be exhausted; that the classification of the Local Board is therefore final in all respects and the Court is not entitled to consider whether or not there was a basis in fact for the 1–A classification of the Local Board.

The defendant claims that he was not afforded due process in the manner in which he was given notice of his right to appeal; that the Local Board acted improperly in refusing to allow an appeal out of time; that the Local Board acted arbitrarily and capriciously in failing to reopen his case and afford the defendant due process by reopening his case; that the Local Board acted improperly in refusing to reopen the defendant's classification and to consider again the merits of his previous classification; that there is no basis in fact for the 1–A classification given the defendant by the Local Board and that the defendant has not failed to exhaust his administrative remedies, which is to say that he is entitled to an appeal or a reopening of his classification or a finding herein that his 1–A classification has no basis in fact.

It is the evidence before the Court that the defendant had received three different Notices of Classification (SSS Form No. 110), each in postcard form; that the defendant upon receiving each postcard notice took a pair of scissors and cut along the dotted line and let the rest of the card which contained the notice of his rights of appeal fall into the trash. Under these alleged circumstances the defendant urges that due process of law has not been afforded him by his Government in that the postcard on the address side thereof contained no direction or notice that there was written matter on the other side which he should read.

■ ■ The Court with no difficulty finds and concludes under the evidence presented that due process has been afforded the defendant in the matter and manner of notifying him of his right to appeal by the SSS Form No. 110 postcard notice involved herein. The explanation tendered by the defendant is unreasonable, illogical and unworthy of belief. In fact, the Court does not believe that the defendant handled all three of these postcard notices in the manner he claims and did not notice the printed matter filling all of the reading side of such postcard and which in bold black print identified the same as having to do with notice of right to personal appearance and appeal. The defendant testified that he knew generally that he had a right of appeal. The case of Greiff v. United States, 9 Cir., 348 F.2d 914, is particularly applicable to this situation. This case states:

"His only excuse for failure to appeal is that he did not know of his right to appeal because, when he saw he was classified 1–A, he did not read anything else. * * * The Court did not accept the explanation finding that he chose to remain ignorant of his rights. The record fully supports the conclusion.

"Under these circumstances we need not consider the merits of his claim to be a conscientious objector."

The Court finds this case to be controlling. The defendant chose to ignore his Notice of his Right to Appeal. The

postcard notice acknowledged to have been received by the defendant conforms with due process. The Court will not adopt the suggestion that due process is lacking because there was no statement on the address side to read the other side which is the normal and customary message side of all postcards. In fact, the Court considers the suggestion to be one of desperation and frivolity.

■ With reference to the contention that the Local Board improperly refused to allow an appeal out of time, the Court is aware and approves of those decisions which provide that the rule that one must exhaust his administrative remedies, which in this case would include the taking of an appeal, is not an inflexible rule but may be relaxed in a proper and just situation. These cases, however, provide that a relaxation of this rule is proper only under unusual circumstances and that proper and just cause must be presented in order to bring about a relaxation of the rule. Glover v. United States, 8 Cir., 286 F.2d 84. This rule was relaxed in the case of Donato v. United States, 9 Cir., 302 F.2d 468. In this case the registrant was summoned for an extended period of fire-fighting which prevented him taking a timely appeal. In the Glover case the Government confessed a lack of basis in fact for the 1–A classification. No such proper or just cause is presented in this case. Rather, the Court feels that as in the Greiff case the defendant here chose to remain ignorant of his right to appeal.

■ With reference to the claim of improper refusal on the part of the Local Board to reopen the defendant's classification, the defendant relies upon his letter of April 21, 1965, which is clearly not a letter requesting the Board to reopen his classification but is a letter requesting an appeal of his classification to the Appeal Board. In the absence of a written request to reopen his classification the defendant is not in position to now complain of his classification on the ground of a refusal to reopen. In the absence of the prescribed request there can hardly be a refusal. In Badger v.

United States, 9 Cir., 322 F.2d 902, the Court held:

"Furthermore, on January 8, 1962, the local board was under no duty to reopen and consider anew the classification of appellant since appellant made no written request for a reopening, and since reopening does not follow automatically from such a request when made. 32 C.F.R. § 1625.2; Shaw v. United States, 264 F.2d 118 (9th Cir. 1959)."

This claim of the defendant is found to be totally lacking in merit from the record here presented.

The last two contentions of the defendant are not reached by the Court and the Court will not consider whether or not there is basis in fact in the classification by the Local Board in view of the finding and conclusion of the Court that the defendant was afforded due process regarding his notice of appeal, the finding and conclusion of the Court that the defendant preferred to remain ignorant regarding his right of appeal and failed to avail himself of the same, and the finding and conclusion of the Court that the defendant has not shown just and proper cause for a relaxation of the requirement that he exhaust his administrative remedies including his right of appeal before any consideration can be given here to whether or not there is basis in fact for his classification, and the finding and conclusion of the Court that the defendant has not made written request to his Local Board to reopen his classification. If, however, the Court is in error in this respect, the Court does find from the Selective Service File basis in fact for the 1–A classification based on a lack of sincerity and good faith on the part of the defendant under the record and the circumstances.

The Court therefore finds the defendant is guilty beyond a reasonable doubt of knowingly, willfully and unlawfully failing and refusing to submit to induction into the military forces of the United States for combatant service with intent to evade service therein.