## SAUNDERS v. UNITED STATES.

### No. 11062.

Circuit Court of Appeals, Ninth Circuit.

April 5, 1946.

Rehearing Denied May 10, 1946.

Alfred Lloyd Saunders, in pro. per.

Charles H. Carr, U. S. Atty., James M. Carter and Wm. P. Haughton, Asst. U.S. Attys., and William Strong, Sp. Asst. to the U. S. Atty., all of Los Angeles, Cal., for the United States.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Alfred Lloyd Saunders was indicted for the violation of Title 50 U.S.C.A.Appendix, § 311, Selective Training and Service Act of 1940, § 11. A jury trial having been waived, he was tried before a district judge and found guilty. He appeals.

Appellant, a registrant under the Act, asserts that he is a conscientious objector and, therefore, exempt from military duty.

The board, however, classified him as 1-A, and ordered him to a military induction center, there to submit to induction into the armed forces. He proceeded to the center, but he refused to submit to induction. It is the refusal to obey the order to submit to induction that allegedly constitutes the criminal act with which appellant was charged.

█ Appellant demurred to the indictment in a lengthy statement which was confused with a former proceeding. The most that can be made out of the demurrer is that the allegations in the indictment are not sufficient to state an offense against the United States. It is clear that appellant's contention is without merit. Estep v. United States (No. 292) and Smith v. United States (No. 66), 1946, 66 S.Ct. 423; Billings v. Truesdell, 1944, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305.

At the conclusion of the government's case, which established the facts as above stated, the court, upon appellant's agreeing, made a motion "for a verdict on the evidence." The court denied the motion.[1]

The nature of the defense at the trial amounted to an admission of the facts as set out above, but appellant here claims that the judgment was wrong and should be reversed because the board had no right to classify him contrary to his own assertion that he is a conscientious objector.

As a witness upon his own behalf, appellant testified: "Of course, they [members of the board] have done their best in classifying me as they saw fit. I don't doubt their belief and sincerity in so classifying me; but at the same time I do not believe that one man can come up to another man and tell him whether he is opposed to war or whether he believes in killing and in bloodshed. It is more or less up to the individual."

█ The court correctly informed appellant that he could not review the board's classification.

█ It is held in the Estep and Smith opinion that the defense of lack of jurisdiction in the board to make the classification is available to a registrant in a prosecution for failure to obey a board's order, where all administrative orders have been

---

[1] The appellant insisted upon trying his own case, refused the aid of an attorney, and the trial judge was careful to protect the record in his interest.

obeyed up to, but not including, induction. A registrant has the right to show that by his status he is exempt from the board's classification or that the board classified him arbitrarily, capriciously .or discriminatorily. Since appellant makes no such claim the Estep and Smith opinion does not help him.

Affirmed.