**UNITED STATES of America, Plaintiff,**

v.

**David Earl GUTKNECHT, Defendant.**

**4–68–Cr–22.**

United States District Court
D. Minnesota,
Third Division.

May 9, 1968.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Chester A. Bruvold, Minneapolis, Minn., for defendant.

## MEMORANDUM
## &
## FINDINGS OF FACT

DEVITT, Chief Judge.

In this jury-waived criminal case charging the defendant with violation of the Selective Service Law, the issue as created by the indictment and the defendant's plea of not guilty is whether the government has proved the defendant guilty beyond a reasonable doubt.

The defendant is a 21-year-old resident of Winthrop, Minnesota, and is charged under 50 App., United States Code, § 462 with wilfully and knowingly failing and neglecting to comply with an order of his

local Selective Service Board to report for and submit to induction into the armed forces of the United States.

The record shows that the defendant completed and filed the required classification questionnaire (SSS Form No. 100) on January 17, 1966 and was assigned Selective Service No. 21–115–47–162. His draft board, Sibley County, Minnesota Board No. 115, classified him 1–A on February 15, 1966, 2–S on March 15, 1966, and again 2–S on December 21, 1966. The expiration date of the last 2–S classification was October 1, 1967.

On November 23, 1966 the defendant signed and filed a conscientious objection form (SSS Form No. 150). On June 16, 1967 the local board notified the defendant to appear before it on June 21, 1967, at which time the Board would consider his reclassification. On June 21, 1967 he was reclassified 1–A and officially notified of that fact.

The defendant appealed this classification to the State Appeal Board, which, on November 1, 1967, classified him 1–A by a vote of 5 "yes" and 0 "no." The defendant was notified of this action.

On December 20, 1967 Local Board No. 115 declared the defendant delinquent for failure to have in his possession Selective Service Registration card (SSS Form No. 2) and Notice of Classification (SSS Form No. 110). He was advised of this declaration of delinquency on December 21, 1967.

An order to report for induction was mailed to defendant on December 26, 1967, directing him to report for induction at the courthouse at Gaylord, Minnesota, on January 24, 1968 at 6 A.M. He did so report and was transported to the armed forces induction station at Minneapolis, Minnesota.

Upon arrival there the defendant advised Sergeant First Class Billy O'Neil that he would not take part in any induction processing. He was then escorted to the office of the Assistant Processing Officer, Lt. Larry J. Petrie. Petrie advised him that a refusal to process constituted a felony punishable by imprisonment for not more than 5 years and/or a fine of not more than $10,000 or both. Defendant advised Petrie that he was aware of the penalty for refusing to process. Defendant then presented to the processing officer a prepared statement containing his reasons for refusal to process for induction.[1] At that time he

1. The defendant said "* * * the Draft and Vietnam war seem to me indefensible. The laws of the Selective Service System are not worthy of obedience. * * *" His complete statement reads:

"To my fellow Americans. Today I am refusing to be inducted into the United States armed forces. This is a result of my decision last fall to return my draft cards and refuse further cooperation with the Selective Service System.

"Conscription seems to me fundamentally authoritarian and anti-democratic. Its coercive attempts to control the lives of young American men are socially disastrous and humanly outrageous. Primarily, the draft functions to supply the manpower necessary for those few holding real political and military power in this country to continue to commit crimes against humanity in waging a cruel and senseless war in Southeast Asia. Both the Draft and the Vietnam war seem to me indefensible. The laws of the Selective Service System are not worthy of obedience. Those who feel that my decision is 'idealistic' and 'impractical' make the mistake of assuming that there can be a real division between morality and politics. Those people who are called 'realists' and compromise on the most crucial of issues, and those who are silent, are furthering the present disastrous course of this country.

"But we are none of us innocent. I am simply asking that each of you examine your thoughts and your actions. As for myself, I shall probably be in prison before too long, and out again after a few years. This is a small price to pay compared to what so many, many American men and Vietnamese men, women, and children have to pay. To those in the military, I ask that you consider resigning or obtaining a discharge. To my fellow young men, in particular, I ask that you find some alternative—any alternative—to military service.

"Many of you will disagree with me; I respect your position, and only ask that you reconsider. Many will agree; I hope that you do as much as you are capable of doing. We have so little time.
/S/ DAVE GUTKNECHT
"Dave Gutknecht
January 24, 1968"

wrote on the statement, "I refuse to take part, or all, (sic) of the prescribed processing," and signed his name.

It was not contended at trial that the defendant's classification was improper. There is a basis in the record for the 1–A classification made by Local Board No. 115.

The essential elements required to be proved by the government are (1) that a lawful order to report for induction on January 24, 1968 was issued by Local Board No. 115; (2) that the defendant refused to obey the order to report for, and submit to, induction; and (3) that the defendant acted wilfully, unlawfully and knowingly.

There is no dispute as to the facts, but the defense offered by the defendant is that (1) the defendant actually did report for induction but was not afforded the opportunity to go through the regular formal induction ceremony prescribed by the pertinent regulations, and until such formal ceremony is afforded him he has not refused induction; and (2) the induction order, while apparently based on non-possession of classification and registration cards, was in fact directed at his anti-Vietnam activities and thus violated his right to free speech.

The defendant urges, in connection with his first defense, that an order to report for induction does not include the duty to submit to induction without proof that the defendant was offered the opportunity to participate in a formal induction ceremony. The defendant urges that regulations AR 601–270, Par. 37 and AR 601–270, Par. 40(c) require that a potential inductee into the armed forces must be afforded an opportunity to take "one step forward" as a signal of his departure from civilian, and entry into military discipline, and that this formal induction ceremony was not afforded the defendant. The defendant urges that a making of the statement,

"You are about to be inducted into the armed forces of the United States, in the Army, the Navy, the Air Force, or the Marine Corps, as indicated by the service announced following your name when called. You will take one step forward as your name and service are called, and such step will constitute your induction into the armed forces indicated,"

was a condition precedent to induction, but that procedure was not followed.

There is no dispute in the record that such was not done, and it appears that the reason is that the "step forward" procedure under the regulations is only to be taken *after* the inductees are given mental and physical tests in order to determine their eligibility for service in the armed forces. This defendant refused to take the physical or mental tests or participate in any other procedure incident to induction.

■■■ Here the defendant is not being charged with failure to take "one step forward," but with failure to comply with the Board's order to report for, and submit to, induction. It is clear from the regulations that an order of a draft board to report for induction also encompasses an order to *submit* to induction. 32 C.F.R. § 1632.14, a part of the Selective Service Regulations promulgated by the President under authority of the statute, provides that it is the duty of the registrant upon receiving an order to report for induction to (a) report for induction at the time and place fixed in such order, and (b) to submit to such induction.

This regulation was initially adopted by Executive Order 10001, 13 F.R. 5488, September 21, 1948, amended by Executive Order 10659, 21 F.R. 1103, February 17, 1956, and by Executive Order 10984, 27 F.R. 200, January 9, 1962.

The Congress of the United States has specifically authorized the President to prescribe these, and other, rules and regulations to carry out the provisions of the Selective Service Act by 50 App. 460 (b) (1).

The courts have held that the duty to report for induction contemplates the duty not only to report, but also to submit to induction. United States v. Collura, 139 F.2d 345 (2d Cir. 1943). The Supreme Court in Billings v. Truesdell,

321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944), said:

> "He who reports to the induction station but refuses to be inducted violates § 11 of the Act as clearly as one who refuses to report at all. [Citations omitted.] The order of the Local Board to report for induction includes a command to submit to induction. * * * "

Later the Supreme Court in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), quoted Billings v. Truesdell, supra, as authority for the proposition that an order to report for induction includes the duty to submit to induction. Two subsequent decisions of the Court of Appeals, Ninth Circuit, are to the same effect. Williams v. United States, 203 F.2d 85 (1953); Bradley v. United States, 218 F.2d 657 (1954).

The defendant argues that a subsequent Ninth Circuit case, Chernekoff v. United States, 219 F.2d 721 (9th Cir. 1955) is contrary. But it will be observed in reading that case that the facts in it are distinguished from those in *Williams* and *Bradley*.

Defendant's counsel admits that this first defense is a "technical" one. In the court's view, it is not a meritorious one.

■ Defendant's second defense is that the declaration of delinquency and the direction to report for induction were occasioned by his participation in an anti-Vietnam protest meeting and that the induction order based on such activities violates his right to free speech.

It appears from the Selective Service Board file that on October 16, 1967 the defendant did participate in a "Stop the Draft Week" demonstration at the federal office building in Minneapolis, and that during the demonstration he attempted to turn over his Selective Service card and registration card to a Deputy U. S. Marshal who refused to accept them. The defendant then dropped both cards at the Deputy Marshal's feet, together with mimeographed literature explaining his actions.

There is nothing in the Selective Service file or or in any of the evidence received at trial to support the assertion that defendant's classification as a delinquent and order to report for induction were based on his expressions of opposition to the Vietnam war. But on the contrary, it appears that the action of the Selective Service Board was based on the defendant's violation of the regulations that he have the required draft cards in his possession at all times. 32 C.F.R. § 1617.1, 32 C.F.R. § 1623.5. It is not disputed that this defendant did not have his registration certificate (SSS Form No. 2) and his valid notice of classification (SSS Form No. 110) in his possession at all times.

In such circumstances the Selective Service Board was authorized to declare the defendant delinquent and to order him to report for induction. 32 C.F.R. §§ 1602.4, 1642.4, 1631.7.

■ But the defendant contends, nevertheless, that the discarding of his draft cards was symbolic conduct in protest to the Vietnam war, and that such conduct is protected by the First Amendment to the United States Constitution. The United States Supreme Court has not passed on that exact question, but two Courts of Appeal have. United States v. Miller, 367 F.2d 72 (2d Cir. 1966); O'Brien v. United States, 376 F.2d 538 (1st Cir. 1967). In *O'Brien* the court upheld the constitutionality of the regulations authorizing a Selective Service Board to declare delinquent, and order the induction of, persons found to be without possession of the required Selective Service cards, and in *Miller* the court upheld the constitutionality of Section 462(b) (3) which punishes the knowing destruction of draft cards. It is expected that the Supreme Court of the United States may soon pass on the constitutionality of a recently enacted Act making it a crime for a person to burn his draft card. That is a separate crime and not charged here.

Reference was made in the trial to a certain Local Board memorandum issued by National Selective Service System Di-

rector Hershey recommending procedures to be followed by local Selective Service Boards in the cases of registrants participating in anti-Vietnam demonstrations. The evidence in the record clearly shows that this defendant was declared delinquent and ordered to report for induction, not by authority of the so-called Hershey memorandum, but because of the defendant's non-possession of the required Selective Service cards in violation of the regulations.

■ The Court has fully considered the exhibits, the testimony of the witnesses and has judged their credibility. The defendant is clothed with the presumption of innocence and his guilt must be proved beyond a reasonable doubt.

■ In my view the United States has proved beyond a reasonable doubt every essential element of the crime charged in the indictment and the Court finds the defendant guilty of the crime charged in the indictment. The foregoing expression is intended to comply with Rule 23 of the Federal Rules of Criminal Procedure.

The Probation Officer is directed to prepare a pre-sentence investigation report.