**UNITED STATES of America, Appellee,**

v.

**David Earl GUTKNECHT, Appellant.**

**No. 19407.**

United States Court of Appeals Eighth Circuit.

Jan. 20, 1969.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., Minneapolis, Minn., with him on brief.

Chester A. Bruvold, Minneapolis, Minn., for appellant.

Stephen B. Swartz, Minneapolis, Minn., amicus curiae Minnesota Civil Liberties Union; Lynn S. Castner, Executive Secretary, Counsel, Minnesota Civil Liberties Union, Minneapolis, Minn., and Melvin L. Wulf, American Civil Liberties Union, New York City, with him on brief.

Before MATTHES, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

Defendant appeals his jury-waived conviction of violation of the Selective Service Law. On June 21, 1967, defendant was classified 1–A by his local draft board after a review of his claimed status as a conscientious objector. Defendant appealed to his state appeal board which, on November 1, 1967, approved his 1–A classification. On December 20, 1967, his local board declared him delinquent for failure to have in his possession his registration card and classification card. He was ordered to report for induction into the Armed Services on January 24, 1968. On that date he reported to his place of induction but advised army officials he would not take part in any induction processing, including the preliminary physical examination. Defendant was then properly warned of the penalty and at that time gave to the army officers a prepared statement which said in part: " * * * the Draft and Vietnam War seem to me indefensible. The laws of the Selective Service System are not worthy of obedience. * * *"

The full text of the district court's well-reasoned opinion is found in 283 F.Supp. 945. We affirm. Defendant, relying upon Chernekoff v. United States, 219 F.2d 721 (9 Cir. 1955), asserts that the letter of the law was not carried out in that he actually did report for induction but was not afforded the opportunity to go through the regular formal induction ceremony. The defendant additionally complains that the indictment was "duplicitous" in that it stated two different offenses in one count, to-wit, failure to report and failure to submit to induction. Defendant urges that the phraseology of the indictment requires the government to prove *both* charges beyond a reasonable doubt or fail to convict.

As the district court relates, the United States Supreme Court in Billings v. Truesdell, 321 U.S. 542, 557, 64 S.Ct.

737, 745, 88 L.Ed. 917 (1944) has answered these arguments:

> "It must be remembered that § 11 imposes on a selectee a criminal penalty for any failure 'to perform any duty required of him under or in the execution' of the Act 'or the rules or regulations made pursuant thereto.' He who reports to the induction station but refuses to be inducted violates § 11 of the Act as clearly as one who refuses to report at all [cite omitted]. The order of the local board to report for induction includes a command to submit to induction. Though that command was formerly implied, it is now express."

On October 16, 1967, defendant participated in a "Stop-the-Draft-Week" demonstration in Minneapolis. He dropped his Selective Service registration card as well as his classification card at the Deputy United States Marshal's feet. He attached with them a mimeograph explanation of his action. On December 20, 1967, the defendant was declared delinquent by his local board for failure to have possession of his registration card and his notice of classification. Immediately thereafter defendant was ordered to report for induction on January 24, 1968.

Defendant now claims that he was being unlawfully punished for his political views on the Vietnam War and states that the board's punitive action was in violation of his First Amendment rights. The district court, however, found that there was no evidence at trial to support defendant's contention that his delinquency order was based upon his political views. The district court found that the delinquency order was based upon the defendant's violation of the regulation that he have the required cards in his possession at all times. 32 C.F.R. §§ 1617.1 and 1623.5. The district court found that the delinquency order and the order for induction were therefore authorized under 32 C.F.R. §§ 1602.4, 1642.4 and 1631.7.

■ By placing his draft certificates beyond "continuing availability," Gut-

knecht "wilfully frustrated [a] governmental interest." It is now settled that such frustration was "non-communicative" and is not protected by First Amendment principles. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

■ Moreover, we are not confronted with an illegal reclassification which revokes a statutory exemption, as in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Although found delinquent by the local board on December 20, 1967, the order of delinquency did not relate to a reclassification. Defendant had been classified 1–A since June 21, 1967. Defendant makes no claim upon appeal that his 1–A classification was not based on evidence or that he was denied fair administrative procedures in regard to his classification. Admittedly, defendant's induction date was advanced pursuant to Tit. 50 U.S.C. App. § 456(h) (1) which gives priority of induction to "delinquents." The regulations (32 C.F.R. § 1631.7) specify the order of induction based upon a specified priority of status of all persons having 1–A or 1–A–O status. This priority is administratively created. We know of no legal reason why the order of call cannot be administratively altered as long as it is done "impartially" without discrimination. Congress has authorized:

> "The selection of persons for training and service * * * shall be made in an *impartial manner, under such rules and regulations as the President may prescribe,* from the persons who are liable for such training and service and who at the time of selection are registered and classified, *but not deferred or exempted * * *."* (Emphasis ours.) Tit. 50 U.S.C. App. § 455(a) (1).

We emphasize we are not confronted here with a reclassification which has no basis in fact or which attempts to deprive the defendant of any existing statutory exemption or deferment.

The board is given certain administrative discretion in carrying out congressional policy. This discretion should be upheld as long as it is reasonably related to a governmental interest and is not otherwise exercised unlawfully. In the instant case the board's regulation concerning possession of the registration card is a reasonable one and related to government interests. See United States v. O'Brien, supra. The board's self-promulgated definition of "delinquency" is not unreasonable when its effect does not otherwise punish an individual by depriving him of a right given him by statute. It is only *"that use of delinquency"* which is proscribed by the *Oestereich* case. Here the defendant does not claim any kind of deferment, let alone exemption. Involved here is the order of call for induction of those already classified 1-A. Since the order of call is governed by regulation (1631.7) reasonable conditions may be administratively attached to it. Although a local board may not arbitrarily or discriminatorily abuse the order of call,[1] if it is reasonably and impartially administered there can exist no legal fault in its administrative handling.

To establish irregularity in the board's findings of "delinquency," the adjudicated effect of the board's action becomes the relevant test. Here the defendant is not deprived of either statutory exemption or deferment; here the board gave notice to him that he was delinquent under its regulations for failure to have his certificate; here he was given a reasonable period to correct this delinquency; here he had statutory notice that he was subject to be drafted ahead of those in the "prime age group." Defendant's right to be called in order was one which had been given only by administrative grace and which had been reasonably conditioned upon overall compliance with the Selective Service laws. The evidence is clear that defendant violated these laws. Under these circumstances induction of the defendant was not lawless or irregular.

Judgment affirmed.

---

1. Cf. United States v. Lybrand, 279 F.Supp. 74 (E.D.N.Y.1967).