**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Joseph FREESTON, Defendant-Appellant.**

**No. 17356.**

United States Court of Appeals, Seventh Circuit.

Feb. 25, 1970.

Robert Joseph Freeston, pro se, Frank W. Oliver, William J. Stevens, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Eugene Robinson, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, and MAJOR and HASTINGS, Senior Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Robert Joseph Freeston was found guilty, following a trial by jury, of neglect, failure and refusal to submit to induction into the armed forces in viola-

tion of 50 U.S.C.A. App. § 462.[1] Defendant appeals from the judgment of conviction and sentence. We reverse.

Our disposition of this appeal requires a full statement of defendant's Selective Service history. Defendant first registered with the Selective Service System on October 27, 1961, at Local Board 8 in Yonkers, New York. On August 14, 1962, he was classified II–S (student determent). That classification was renewed three times through July 20, 1965, when defendant was reclassified I–A. On October 19, 1965, he was reclassified II–A (occupational determent) as a Vista Volunteer. On October 25, 1966, he was classified II–A as a teacher. On April 4, 1967, he was reclassified I–A when he failed to respond to a questionnaire sent by his local board concerning his teaching duties. He was ordered to report for an armed forces physical examination at Yonkers, New York, on June 1, 1967. Defendant did not appeal his I–A classification, and he does not challenge it here. He retained such classification until the commence-

ment of the events leading to the instant prosecution.

Defendant's opposition to the Viet Nam war and the draft had been growing since 1965. On May 21, 1967, he sent a letter to his local board expressing his antiwar feelings and announcing his refusal to serve in the armed forces and his intention to make such refusal a "political act." He returned as unrequested a Special Form for Conscientious Objector sent by his board in response to this letter.

On May 22, 1967, defendant requested that his physical examination be transferred to Chicago, Illinois, where he was living and working. This request was granted on May 24. Defendant reported for his physical examination in Chicago on July 21, 1967, accompanied by a group of antiwar demonstrators. He engaged in various peaceful protest activities such as leafletting and speechmaking at the examination center and was ultimately asked to leave without having completed his physical.

On August 18, 1967, defendant's board in New York issued a new order to re-

1. "§ 462. Offenses and penalties

(a) *Any member of the Selective Service System or any other person charged as herein provided with the duty of carrying out any of the provisions of this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix], or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, and any person charged with such duty, or having and exercising any authority under said title [said sections], rules, regulations, or directions who shall knowingly make, or be a party to the making, of any false, improper, or incorrect registration, classification, physical or mental examination, deferment, induction, enrollment, or muster, and any person who shall knowingly make, or be a party to the making, of any false statement or certificate regarding or bearing upon a classification or in support of any request for a particular classification, for service under the provisions of this title [said sections], or rules, regulations, or directions made pursuant thereto, or who otherwise evades or re-*

fuses registration or service in the armed forces or any of the requirements of this title [said sections], or who knowingly counsels, aids, or abets another to refuse or evade registration or service in the armed forces or any of the requirements of this title [said sections], or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title [said sections], or rules, regulations, or directions made pursuant to this title [said sections], or any person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of this title [said sections] or the rules or regulations made pursuant thereto, or who conspires to commit any one or more of such offenses, shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both * * *."

port for a physical examination. He reported for and had his physical on September 29, 1967, and completed all processing except signing an Armed Forces Security Questionnaire. He again engaged in protest activities.

On October 20, 1967, as part of a protest in Washington, D.C., defendant turned in his Selective Service Classification and Registration Certificates. His local board was notified of this on November 20, 1967. On December 12, 1967, the board declared defendant delinquent for not having such certificates in his possession at all times, as required by 32 CFR §§ 1617.1 and 1623.5. The delinquency notice was mailed on December 13 and on December 20, 1967, defendant was ordered to report for induction in New York on January 3, 1968.

Defendant requested and received two postponements and one transfer of his induction. The postponements were due to an unrelated pending court case. Defendant was finally ordered to appear for induction on March 15, 1968, in Chicago.

He appeared at the induction center on the appointed day. However, he refused to proceed to the first station unless the commanding officer of the induction center would sign a four page document setting forth the conditions under which defendant agreed to serve in the armed forces. The commanding officer refused to sign the document, warned defendant of the legal consequences of his actions and requested that he either proceed to the first station or leave the induction center. Defendant then left the center without having participated in any of the induction processing.

On April 30, 1968, defendant was indicted for "wilfully and knowingly * * refus[ing] to submit to induction * *," § 462, *supra*. He was found guilty by a jury and sentenced to three years imprisonment.

Briefs were filed for defendant on this appeal by his privately retained counsel. The thrust of these briefs is that defendant's conviction should be reversed on the grounds that there was a variance between the indictment which charges failure to submit to induction, and the evidence, which shows that defendant was never asked to take the symbolic "one step forward." It is asserted that "failure to submit" and "refusal to cooperate" are separate and distinct crimes and that the indictment charges the former while the proof was directed solely to the latter. The briefs further argue that the evidence was insufficient to sustain the conviction for failure to submit.

On October 21, 1969, defendant Freeston, acting *pro se*, filed a motion in this court demanding that all judges of this court disqualify themselves for various reasons from hearing and determining his appeal. He requested that the provisions of 28 U.S.C.A. § 291 be invoked for "designation and assignment of judges from another, not adjoining, circuit to sit in this Court to hear and determine" this appeal. This motion was denied on the same date.

On October 20, 1969, each of defendant's retained counsel had filed separate motions in this court seeking leave to withdraw as counsel for the reasons that defendant's *pro se* motion demanding disqualification of the judges of this court was being filed against their advice and that defendant had instructed them to withdraw. These motions were ordered taken with the case. Counsel were ordered to appear before the court at the time set for oral argument.

On October 22, 1969, defendant Freeston filed a *pro se* motion seeking to have all proceedings in this court stayed pending a decision by the Supreme Court on his application to have that Court order the individual members of this court to disqualify themselves. This motion was denied on the same date.

On October 24, 1969, defendant Freeston filed a *pro se* "Notice" to the effect that his attorneys no longer represented him and that he would hold them responsible for any damage done him by their further representation of him. He reminded his attorneys that they would violate legal ethics to proceed in any way in his behalf.

On October 27, 1969, this appeal was called for oral argument. Defendant's attorneys were given leave to withdraw. Defendant then insisted upon his right to represent himself and proceeded to argue his appeal *pro se*. He confined his remarks to his beliefs concerning the qualifications of the panel of the court to hear and decide his case. He made no argument on the merits but indicated he would stand on the briefs filed by his discharged counsel. The Government thereupon agreed to submit the case on the briefs and the record without oral argument, and the court took the case under advisement on that basis.

On November 19, 1969, we entered an order holding this appeal under advisement pending oral argument and decision of Gutknecht v. United States, 38 L.W. 3161, 11–4–1969, by the Supreme Court. It appeared *Gutknecht* might be relevant on the question of whether there was a variance between the indictment and the proofs in the instant case.

*Gutknecht* was decided on January 19, 1970. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). The Court did not reach any of the issues which originally appeared relevant to the case before us. Its decision was confined to the single issue of the validity of the so-called "delinquency regulation" under which a local board may declare a registrant to be a "delinquent" whenever he

> " * * * has failed to perform any duty or duties required of him under the selective service law other than the duty to comply with an Order to Report for Induction (SSS Form No. 252) or the duty to comply with an Order to Report for Civilian Work and

Statement of Employer (SSS Form No. 153) * * *." 32 CFR § 1642.4.

The Court addressed itself to the delinquency regulation only insofar as it provided for the *accelerated induction of delinquent registrants* who were already classified I–A, I–A–O or I–O at the time they were declared delinquent. It held the regulation, in that respect, was not authorized by the Military Selective Service Act of 1967.[2] Accordingly, the Court reversed the conviction of registrant Gutknecht, holding that he had a valid defense to the prosecution for refusing induction because his order to report for induction had been accelerated under the invalid delinquency regulation.

The delinquency regulation defense was not argued to the trial court nor to this court on appeal. However, our examination of the record confirms that defendant Freeston's induction order was accelerated when he was declared a delinquent. This was established by Government testimony presented during the trial.

A comparison of the relevant facts of *Gutknecht* with those of the instant case discloses striking parallels. Both Gutknecht and Freeston were already classified I–A when they turned in their draft cards. Gutknecht turned in his card on October 16, 1967; Freeston, on October 20, 1967. Gutknecht was declared delinquent on December 20, 1967; Freeston, on December 12, 1967. On December 26, Gutknecht was ordered to report for induction on January 24, 1968. On December 20, Freeston was ordered to report for induction on January 3, 1968. Both registrants appeared at the induction center and both refused all processing.[3]

---

2. One week later, in Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (Jan. 26, 1970), the Court dealt with the delinquency regulation insofar as it authorized local boards to rescind deferments of delinquents not classified I–A, I–A–O and I–O. The Court there held that the

delinquency regulation was, in this respect also, not authorized by the Act.

3. The only factual difference between *Gutknecht* and the instant case which might be thought relevant is that Freeston succeeded in postponing his actual induction date for some 2½ months as set

The critical fact which appears in both cases is that the induction date of a Selective Service registrant *was accelerated* pursuant to 32 CFR § 1642.4. Given that fact, we find *Gutknecht* dispositive of the instant appeal. Although the trial court did not have an opportunity to pass on the delinquency regulation defense nor on the effect of *Gutknecht,* we deem it unnecessary to remand this case for further consideration. Since *Gutknecht* clearly forecloses the possibility of a valid conviction of this defendant for the offense charged in the subject indictment, we are compelled to reverse the judgment of conviction and sentence.

We do not reach the questions raised in defendant's brief concerning the alleged variance between the indictment and the proof and the alleged insufficiency of the evidence to sustain the conviction. We express no opinion thereon.

The judgment appealed from is reversed.

Reversed.

out earlier herein. However, Freeston's ultimate induction order recites that it is based on the initial induction order, and it in turn was based on the invalid delinquency regulation. Thus, Freeston, as Gutknecht, stands convicted for refusing induction based on an invalid induction order.