**UNITED STATES of America, Plaintiff,**

v.

**George William CROCKER, Defendant.**

**No. 3-68 CR 51.**

United States District Court, D. Minnesota, Third Division.

May 14, 1970.

Robert G. Renner, U. S. Atty., by J. Earl Cudd, Asst. U. S. Atty., for plaintiff.

Chester A. Bruvold, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

The above case came before the court on May 12, 1970 on defendant's motion brought during the thirty day grace period at the end of which defendant must surrender himself to commence serving a prison sentence following the mandate of affirmance of his conviction from the United States Court of Appeals which was received by the clerk of this court on April 15, 1970. The motion seeks to set aside the jury's verdict which found the defendant guilty of wilful and knowing failure to comply with an order of his local Selective Service draft board to report for and submit to induction into the armed forces of the United States and further seeks to vacate the judgment of conviction and the sentence imposed pursuant thereto and requests an order dismissing the indictment and acquitting the defendant. The basis for the motion is that the defendant's Selective Service file (Government's Exhibit 1) conclusively demonstrates that defendant was classified as a delinquent and was "delivered for immediate induction as delinquent registrant" on February 7, 1968. It is contended that the case of Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), rendered illegal the so called delinquency and consequent acceleration provisions of the Selective Service Law and regulations and that since defendant's file shows that defendant was treated as a delinquent, *ergo,* his conviction should be set aside and judgment of acquittal entered.

Defendant's motion, it seems to the court, must be denied for any one of several reasons:

**First,** the motion procedurally is not proper. After a case has been tried, and in this case appealed, it is not grounds either for a new trial or for vacation of and setting aside the verdict and judgment that one of the parties has thought of a new ground for prosecution or for defense.

At no time did the defendant or his counsel either before this court, the Court of Appeals or the United States Supreme Court raise the so-called "delinquency" defense. Defendant argues that at the time of his trial this court (by another judge) had ruled against the delinquency defense and that it was therefore useless to assert it. United States v. Gutknecht, 283 F.Supp. 945 (D.Minn. May 1968). He could not or should not have been unaware of it as a defense, however. Further, the District Court decision was then on appeal. Significantly also by the time of defendant's petition for certiorari to the United States Supreme Court, Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (Jan. 19, 1970), had been decided. Defendant's complete eschewing of the Selective Service Law may or may not have led counsel to assert only the defense of unconstitutionality of the law, for certain it is that defendant declined to avail himself of two possible grounds for deferment and perhaps chose not to cloud the issue at trial. He never exercised any of his administrative remedies before the Board nor appealed his classification. Be that as it may and whatever the reasons behind defendant's actions, it seems clear that a defendant cannot try a case, assert some defenses, appeal and when dissatisfied, ask to open up the case to assert a second defense, appeal again if unsuccessful and if affirmed, appear again before the trial court and assert a third defense so as to start all over again. This is not contemplated by the laws nor is it accepted legal procedures. One must assert his defenses at the time or be deemed to have waived them. See Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), which, though a habeas corpus case, opines on the fact that "a shift in the law or the impact of a new decision" does not help a defendant where no appeal was taken and a particular defense had not been asserted.

Here the delinquency defense was known and had been asserted in other cases. Now defendant, though he eschews the law, attempts to rely on a court interpretation thereof which will set aside his conviction.

The above reasoning would seem to the court to apply whether or not, as a technical matter, the court treats defendant's motion as though brought under Rules 33, 34 or 35 or other sections of the Federal Rules of Criminal Procedure or as a motion brought under 28 U.S.C. § 2255, the "federal prisoner's habeas corpus." For purposes of argument, the court is willing to treat it either way. The court therefore declines to rely solely on the technical aspect as to whether the rhetoric of defendant's motion is proper. In either or any event, the reasons above stated should bar assertion of the defense at this time.

**Second,** the court does not believe that *Gutknecht* has application to the case at bar even if the delinquency defense now could be asserted for there is no showing here that the Local Board, by declaring defendant a delinquent in any way hastened or accelerated his induction notice. In fact, all of the inferences from the file seem to the contrary. *Gutknecht* speaks of and condemns declarations of delinquency against registrants who thereby lose a deferment or exemption and are reclassified I–A or some other classification available for induction. Such clearly is not the case at bar for defendant was classified I–A on February 23, 1967, long before he was declared delinquent and was not the beneficiary of a deferment nor had he asked for such. Thus he did not thereby lose, for

instance, an occupational, or student, or other deferment. *Gutknecht* further points out that delinquents are given "first priority in the order of call for induction" even ahead of volunteers. Neither the file nor any evidence shows that this change in priority necessarily in fact hastened defendant's induction.

There is no evidence before the court as to the average age of those inducted by Local Board No. 126 in February 1968, nor can any inference be drawn it seems to the court that defendant, then aged 19 years and 5 months would not have been inducted in normal course at the time of his order for induction for February 7, 1968. He had been registered with his Local Board for approximately a year and three months before he was ordered to take his preinduction physical examination on December 11, 1967. This was before he was declared delinquent and presaged the fact that were he to pass his physical examination, he could expect under the Regulations an order for induction at any time after 21 days. Thus the amount or quantum of defendant's acceleration, if any, is at best de minimus and without prejudice. Defendant's actual induction date of February 7, 1968 was virtually two months after the issuance of his notice for a physical examination. The condemnation in *Gutknecht* of the "free wheeling agencies meting out their brand of justice in a vindictive manner" therein abhored, does thus not seem applicable here and in fact the reverse seems to prevail. Whether or not defendant was declared a delinquent, would so far as the record reveals have made no difference to the action taken by the Board. Though defendant returned his draft card to the Board on February 27, 1967, it does not appear that this in any way motivated the declaration of delinquency some ten months later, nor is this fact assigned as a reason for such action.

*Gutknecht* dealt with an attempt to "punish" someone who had engaged in "extra curricular" activities. *Gutknecht* surrendered his draft card to the United States Marshal during some sort of a mass demonstration. The Supreme Court quoted from and dwelt on the feature of forfeiture for exercising First Amendment rights contained in the language of Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), where a registrant forfeited an exemption as a divinity student for turning in his registration certificate in protest. This factor simply is inapposite in this case. See United States v. Bobzien, 306 F.Supp. 1272, 1275-1276 (C.D.Calif. 1969), for a discussion of the above distinction regarding "extra curricular" activities.

Here the actions for which defendant was declared delinquent related to failure to take the normal steps and perform the usual sequential duties required of all registrants, i. e., meet with the Board, accept mail and report for a physical examination; not something not directly connected with the usual steps for processing registrants such as participation in demonstrations. If a board, a year and three months after a registrant has failed in three respects to abide progressive steps in Selective Service Board procedure, cannot order his induction, then it has no effective way of continuing its operation. Otherwise any registrant can be recalcitrant, wait until he is declared delinquent and then claim that he is immune from induction because he has been so declared. The action taken here is not punitive action. Such an interpretation as would favor a recalcitrant cannot be the law nor the intent of the court as expressed in *Gutknecht*. Such would lead to an intolerable result and demoralize and frustrate completely local boards.

Defendant's counsel has relied on United States v. Freeston, 423 F.2d 1311 (7th Cir.), which held, post *Gutknecht*, that the delinquency defense could be raised in a case where there had been a previous conviction. The court stated:

"The delinquency regulation defense was not argued to the trial court nor to this court on appeal. However, our

examination of the record confirms that defendant Freeston's induction order was accelerated when he was declared a delinquent. This was established by Government testimony presented during the trial." 423 F.2d 1314.

Two things are to be noted concerning this decision. First, it is a "punitive" case where defendant had "as part of a protest in Washington, D.C. * * * turned in his Selective Service Classification and Registration Certificates." Second, the court had before it actual evidence as shown in the quotation above that defendant's induction actually had been accelerated. These distinctions seem to the court to make this case inapposite.

For all of the reasons above, defendant's motion is denied.