**UNITED STATES of America,**
**Plaintiff,**

v.

**Bruce Edward MURRAY, Defendant.**

**No. 4–70 Cr. 83.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 7, 1970.

Robert G. Renner, U. S. Atty., by Thorwald H. Anderson, Asst. U. S. Atty., for plaintiff.

John Remington Graham, Minneapolis, Minn., for defendant.

## MEMORANDUM

NEVILLE, District Judge.

Defendant is accused in a one count indictment charging:

"That on or about the 5th day of August, 1969, at the City of Minneapolis, County of Hennepin, in the State and District of Minnesota, the defendant, Bruce Edward Murray, did knowingly and wilfully fail and neglect to perform a duty required of him under and in the execution of the Military Selective Service Act of 1967 and the rules, regulations, and directions duly made pursuant thereto, in that the defendant did fail and neglect to comply with an order of his local board to report for and submit to induction into the armed forces of the United States; in violation of Title 50 Appendix, United States Code, Section 462."

The Military Selective Service Act of 1967, section 12(a) 50 App.U.S.C., Section 462(a), reads in pertinent part:

" . . . any person . . . who in *any manner* shall knowingly fail or neglect or refuse to perform *any duty* required of him under or in the execution of this title, or rules or regulations, or directions made pursuant to this title, . . . shall, upon conviction . . . be punished by imprisonment of not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment . . . ." [Emphasis added]

The Selective Service Regulations authorize the issuance of induction orders, 32 C.F.R. #1632, and define the duty of the registrant who receives such an order as follows:

"(a) When the local board mails to a registrant an Order to Report for induction (SSS Form No. 252) . . . it shall be the duty of the registrant to report for induction at the time and place fixed in such order . . .

(b) Upon reporting for induction, it shall be the duty of the registrant (1) to follow the instructions of a member or clerk of the local board as to the manner in which he shall be transported to the location where his induction will be accomplished, (2) to obey the instructions of the leader or assistant leaders appointed for the group being forwarded for induction, (3) to appear at the place where his induction will be accomplished, (4) to obey the orders of the representatives of the Armed Forces while at the place where his induction will be accomplished, (5) to submit to induction, and (6) if he is found not qualified for induction, to follow the instructions of the representatives of the Armed Forces as to the manner in which he will be transported on his return trip to the local board."

Some time prior to the hearing on the motions, defendant requested and received from the government a copy of the documentary evidence intended to be used by the government at trial. These documents, comprising defendants Selective Service file, were stipulated into evidence as government's exhibit No. 1. Among other things, the file includes a notification to the United States District Attorney from the Assistant Processing officer at the Selective Service induction station in Minneapolis, stating that on August 5, 1969, "[h]aving been afforded an opportunity to begin medical processing, Mr. Murray told SSG Kishter, the Registration and Orientation Sergeant that he refused to take part in induction processing."

■■ Defendant's contention that the indictment in this case is fatally vague and indefinite is without merit. As the Supreme Court stated in Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962), the two criteria to be applied in making this determination are:

"[F]irst, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.' Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. . . ."

In applying these criteria it must be remembered that the federal rules generally favor simplified pleading. Rule 2, Fed.R.Crim.P., 18 U.S.C.A. While this objective cannot justify the denial of fundamental rights, it is clear that the technical requirements of criminal pleading which were formerly followed, are no longer observed, nor indeed sanctioned by federal courts. Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959).

The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . . It need not contain . . . any other matter not necessary to such statement." Rule 7(c) Fed.R.Crim.P., 18 U.S.C.A.

Interpreting this rule, the Eighth Circuit has instructed that "[T]he sufficiency of an indictment should be judged by practical, and not by technical, considerations. It is nothing but the formal charge upon which an accused is brought to trial." Hewitt v. United States, 110 F. 2d 1, 6 (1940); cert. denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409. See also Clay v. United States, 326 F.2d 196, 198 (10th Cir. 1963), cert. denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050.

A determination based on practical considerations may only be made with reference to the wording of this particular indictment and the nature of the offense it seeks to charge. The indictment here charges the defendant with wilful breach of a duty required of him under the Military Selective Service Act, and specifies the statutory provision making such breach a criminal offense. It is no doubt true that certain offenses are not properly indictable by statutory language alone.[1] However, this court need not decide whether this case involves such an offense. The fact is that the indictment here does not rely on the language of the statute alone, but goes on to indicate that "the defendant did fail and neglect to comply with an order of his local board to report for and submit to induction . . . ." Nevertheless, defendant contends that the indictment still does not disclose the particulars re-

---

[1] "It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species; it must descend to particulars.' " United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588 (1875).
An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute." United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1877).
"In an indictment upon a statute it is not sufficient to set forth the offense in the words of the Statute unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished . . . ." United States v. Carll, 105 U.S. 611, 612, 26 L. Ed. 1135 (1881).

quired for trial preparation because it does not specify whether defendant is charged with failing to "report for" or failing to "submit to" induction, or whether he is charged with failure to follow one or more of the other steps set out in the regulations. 32 C.F.R. 1632.14.

Even limiting our consideration to the indictment alone, the confusion alleged to result from these omissions appears to be purely a matter of semantics. Defendant simply draws attention to the fact that the final processing of a selectee involves several procedural steps. In so doing, defendant finds several duties where the law contemplates but one. The procedure involved in induction is of significance primarily to those charged with its orderly administration, but insofar as the individual inductee is concerned, a single duty arises upon receipt of an induction order, and that is to submit to the final induction process.

> "It is true that the armed forces at the induction center may reject a selectee who does not meet their standards. However, the authority of the armed forces to accept or reject a selectee does not in any way affect the selectee's duty to obey the order of his local civilian Board. The discretion retained by the armed forces does not have the effect of changing a local Board's order to report for induction into two separable orders: one to report to the induction center, the other to submit to induction. Of course, the command to submit to induction is the substance of the order, while the command to go to the induction center is

procedural." Williams v. United States, 203 F.2d 85, 87 (9th Cir. 1953). In focusing on the various steps of the induction process defendant loses sight of the basic intent of the criminal statute here involved.

> " . . . Sec. 11 makes criminal a wilful failure to perform any duty required of a registrant by the Act or the rules or regulations made under it. An order to report for induction is such a duty; and it includes the duty to submit to induction." Estep v. United States, 327 U.S. 114, 119, 66 S.Ct. 423, 426, 90 L.Ed. 567 (1946).

Contrary to defendant's position, a single duty is involved, and the courts have repeatedly refused to attach legal significance to the alleged distinction between breaches of that duty occurring prior to appearance at the induction station, and those occurring sometime thereafter. *See,* United States v. Collura, 139 F.2d 345 (2d Cir. 1943); Saunders v. United States, 154 F.2d 872 (9th Cir. 1946); Williams v. United States, *supra;* United States v. Gutknecht, 406 F.2d 494 (8th Cir. 1969), rev'd on other grounds, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). Defendant may not now attack this indictment for vagueness by creating artificial distinctions with which to confuse himself. The research of defendant's counsel and the court has failed to produce a single case in which a similar indictment has been held defective on grounds of vagueness or indefiniteness. The cases cited by the defendant are clearly distinguishable on both facts and principle.[2] Accordingly it is the opinion

---

2. United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1875) and Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), held only that an indictment must plead sufficient facts to bring the alleged misconduct within the scope of prohibition of the applicable criminal statute. In *Russell,* an indictment for refusal to answer questions before a congressional investigating committee, specified the questions asked, but failed to identify the subject to which they were addressed. Thus the indictment was held not to allege facts with-

in the purview of a statute prescribing refusal to answer "pertinent" questions. In *Cruikshank,* in a prosecution against private individuals for conspiring to injure others in their enjoyment of rights "secured by the constitution and laws of the United States", the indictment specified that the rights allegedly injured were those secured by the First and Fourteenth Amendments. The court simply held that the named rights were not "secured by the constitution" as against private individuals, and that the indictment therefore failed to allege con-

**796**

of this court that the indictment here under consideration is not fatally vague or indefinite.

■■ In disposing of this motion, the court cannot as a practical matter ignore the fact that the defendant has himself received and delivered to the court documents in the nature of a bill of particulars sufficient to inform him of the precise case which the government seeks to prove. In light of this information, it cannot fairly be contended that defendant lacks actual notice of what he will be required to meet at trial. Technical objections to an indictment will not be countenanced where there has been no prejudice in fact. Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959).

Having found the indictment in this case to be sufficiently clear and definite, the court will deny defendant's motion for clarification. Reference should again be made to the fact that the defendant has already obtained disclosure of the government's documentary evidence. Any further clarification pursuant to this motion would involve a needless formality.

■ Defendant's motion to quash the indictment because it is duplicitous is also denied. Duplicity in an indictment generally means the charging of two or more separate and distinct offenses in one count, and not the charging of a single offense into which several related acts enter as ways and means of accomplishing a prohibited result. Where a single offense is charged, "[i]t may be

alleged in a single count that the means by which the defendant committed the offense are unknown, or that he committed it by one more specified means." Fed.R.Crim.P. 7(c), 18 U.S.C.A.

Defendant cites Billings v. Truesdell as support for the proposition that, "refusal to 'report for' induction is one crime, and refusal to 'submit to' induction is quite another." However, the court in that case clearly rejected any such inference when it stated:

"It must be remembered that § 11 imposes on a selectee a criminal penalty for any failure 'to perform any duty required of him under or in the execution' of the Act or 'rules or regulations made pursuant thereto.' He who reports to the induction station but refuses to be inducted violates § 11 of the Act as clearly as one who refuses to report at all. [Cite omitted]. The order of the local board to report for induction includes a command to submit to induction. Though that command was formerly implied, it is now express."

Billings v. Truesdell, 321 U.S. 542, 557, 64 S.Ct. 737, 745, 88 L.Ed. 917 (1944); see also Estep v. United States, 327 U.S. 114, 119, 66 S.Ct. 423, 426, 90 L.Ed. 567 (1946); United States v. Gutknecht, *supra*, 406 F.2d at 496. Defendant also relies heavily on a 1927 Eighth Circuit opinion, Creel v. United States, 21 F.2d 690, to support his claim that the indictment in this case is duplicitous. Upon examination of that case the court finds its holding entirely in keeping with the principles set out above.[3]

duct within the scope of criminal prohibition.

Bratton v. United States, 73 F.2d 795 (10th Cir. 1934), involved an indictment which was plainly duplicitous, thus raising issues separable from "vagueness" as such.

In United States v. Carll, 105 U.S. 613, 26 L.Ed. 1135 (1881), the indictment failed to allege that defendant "knowingly" engaged in the alleged misconduct. The indictment in the case now before the court is clearly satisfactory in this regard.

United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819 (1877), involved a prosecution for procuring another to violate federal revenue laws, in which the party alleged to have been procured was not named. In the indictment now being considered, there is no reference to any one other than the defendant.

3. The court stated at 691:
"It is apparent from these provisions [27 U.S.C. § 46] that the punishment for the offense of selling is different from the punishment for the offense of furnishing. It is also clear that Con-

As the court has already observed, the registrant who receives his induction notice is charged with a single duty—the duty of following through with his final induction. Regardless of which, or how many of the possible means such registrant might employ to breach that duty, the end result is a single breach of duty and a single offense. Consequently an indictment charging any or all of the possible means of breaching that duty will not be found duplicitous. "The rule against duplicitous pleading is not offended by a count charging more than one act if the acts were part of a transaction constituting a single offense." Hanf v. United States, 235 F.2d 710, 715 (8th Cir. 1956).

Defendant additionally moves the court to dismiss the indictment on the grounds that defendant cannot possibly be guilty of refusal to "submit to induction" and refusal to "report for induction" and on the further ground that defendant's selective service file clearly indicates that he is guilty of neither of these charges. This of course becomes an evidentiary matter.

Before reaching the merits of this motion, the court notes that in the process of making this objection defendant reveals his clear understanding of the charges brought against him. Essentially defendant contends that rather than refusing to "report for" or to "submit to" induction, he has, if anything, refused to submit to medical examination as indicated in his selective service file. Such, however, assuming its truth does not render the indictment fatally defective.

On the merits, the court finds it difficult to distinguish this motion from the prior motions based on vagueness and duplicity. Therefore an order denying it should be entered.

If defendant's intent is to allege that the indictment is insufficient to charge an offense against the United States, it will readily be seen that there are no grounds for such an attack. Nowhere does defendant indicate that the legal elements of *an offense* are not completely set out in the indictment; nor does the court feel that this indictment is open to such an objection. Rather, what is suggested is that the indictment does not correctly identify the offense intended to be charged. What has been said above disposes of such assertion. If, prior to submitting to induction defendant has refused to take any one of the required steps preceding and leading up to such, he has nonetheless refused to submit to induction; perhaps not by the last act of the symbolic "one step forward", but no less effectively by the penult or antipenult act along the line.

gress, by providing different punishments for selling and for furnishing, emphasized the distinctness of the two offenses.

The case at bar does not fall within that class of cases in which a statute prohibits the doing of a thing in any one of several modes, and in which consequently each of the modes may be alleged in the same count without duplicity resulting."