UNITED STATES of America

v.

George Henry JUNNE, Jr., Appellant.

No. 71-1473.

United States Court of Appeals,
Third Circuit.

Argued Jan. 19, 1972.

Decided April 18, 1972.

Emerson L. Darnell, Darnell & Scott, Mt. Holly, N. J., for appellant.

Richard T. Philips, Asst. U. S. Atty., Camden, N. J., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

JAMES ROSEN, Circuit Judge.

George Henry Junne, Jr., was convicted on April 8, 1971 for his failure to report for civilian work in lieu of military service, in violation of 50 U.S.C. App. § 462.[1] The maximum penalty which could have been imposed on him under the statute was five years imprisonment and $10,000. fine, but the judge in his discretion suspended Junne's sentence and placed him on probation for three years on the condition that "he do work of national importance for a period of two (2) years; said period to commence upon defendant's graduation from school during the year of 1971."[2] Junne now appeals his conviction.[3]

---

1. On April 7, 1971 Junne waived his right to a jury trial and was tried by a district court judge.

2. The district judge simultaneously stated that he deemed "the present occupation of the defendant, namely, that of teaching, to be work of national importance."

3. Although the parties have not called this matter to our attention, we note that the notice of appeal was filed April 26, 1971. The District Court judgment is dated April 8, 1971. This raises a grave question regarding our jurisdiction.

The material facts in this case can be briefly summarized: Junne, who had been classified as a conscientious objector (I–O) in January 1966, was reclassified II–S for the November, 1966–December, 1967 period. Upon leaving school in December, Junne was restored to his former status of I–O and ordered to report for a physical.[4] He did not appear and was sent a delinquency notice on March 27, 1968. Subsequently, on April 15, 1968 he was ordered to report for induction, but the induction order was cancelled eleven days later.

On September 25, 1968, Junne complied with a second order to report for a physical and was found qualified. Junne's draft board solicited his help in finding appropriate alternative service but Junne was uncooperative: he returned the civilian preference questionnaire in incomplete form, did not report for either of the two interviews scheduled at the draft board's initiative, and did not indicate to the board which of its three suggestions for alternative service he would prefer. Finally, on February 24, 1969 the board ordered him to report for civilian work on March 3, 1969 at the New Jersey State Hospital in Greystone Park, New Jersey. At the time he was ordered to report, the appellant was 25 years and 9 months old.

Junne was indicted on November 10, 1969 for his failure to report to the Hospital. He was represented at his non-jury trial by experienced counsel appointed by the court two days prior to the trial. In the district court Junne's sole defense to his prosecution was that he had not received his order to report. After hearing all of the evidence, the trial judge determined that Junne "did receive the notice to report to Greystone in March of 1969 * * * and that he failed to report there, which is the core of the offense charged. Accordingly, as I have stated, I find the defendant guilty as charged." We have examined the record and find that it contains ample evidence to support the finding of guilt.

On this appeal, Junne does not dispute the trial court finding. Rather, he seeks to shift ground and raise a new defense not presented below. Citing Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), appellant now attempts to argue that his delinquency status accelerated his order to report for civilian work and that the conviction based on the improper order should be reversed. The appellant concedes, as he must, that the failure to present an argument to a trial court normally forecloses a party from raising the claim on appeal.[5] He seeks to invoke an exception to this rule, however, claiming that the court's appointment of his trial counsel only two days before the trial constituted "plain error" affecting "substantial rights" and obliging us to consider the untimely claim now. F.R.Crim.P. 52(b).

In his "plain error" argument the appellant is, in effect, claiming that he was denied the effective assistance of counsel.[6] This type of claim was discussed at length in Moore v. United States, 432 F.2d 730, 736 (3d Cir. 1970), where we explained that an indigent is not entitled to perfection in his defense. The appropriate standard is "whether counsel's performance was at the level of

---

4. Prior to being granted I–O status, Junne was called for a physical on September 30, 1965 and on June 22, 1966. He did not appear on either occasion.

5. Cf. United States v. Crocker, 313 F.Supp. 831 (D.Minn.1970) :
   " * * * [W]hatever the reasons behind defendant's actions, it seems clear that a defendant cannot try a case, assert some defenses, appeal and when dissatisfied, ask to open up the case to assert a second defense. * * * This is not contemplated by the laws nor is it accepted legal procedures. One must assert his defenses at the time or be deemed to have waived them."

6. The appellant's claim that he was denied the effective assistance of counsel was not raised in his brief; it was presented to the court for the first time at oral argument.

normal competency." *Id.* p. 737. In applying this standard, the time of appointment of counsel should not be seen *in vacuo*, but, rather, should be viewed in light of all the "attendant circumstances." *Id.* p. 735. Paramount among these circumstances are the preparation difficulties of a case and the experience of a particular lawyer. See also United States ex rel. Johnson v. Russell, 444 F.2d 1177 (3d Cir. 1971). After careful consideration of these factors, we reject the appellant's claim as without merit.

In *Moore*, the court remanded for a 28 U.S.C. § 2255 evidentiary hearing because it was concerned that counsel might have failed to interview key witnesses and neglected to make the thorough background investigation essential to defending Moore against a bank robbery charge. In contrast with Moore, Junne does not claim that his lawyer had inadequate time to interview and investigate. As Junne concedes, the evidence essential to the *Gutknecht* argument was the selective service file and the pertinent regulations. These were readily available. Furthermore, Junne's counsel had experience in selective service matters. In short, in this comparatively simple case two days was adequate time for Junne's counsel to prepare his defense and his lawyer's performance did, in fact, meet the standard of "normal competency." [7]

Since Junne did have effective assistance of counsel, there was no "plain error" affecting Junne's "substantial rights" and calling for our consideration of his untimely claim. F.R.Crim.P. 52(b). We do note, however, that *Gutknecht* came before the Court in a posture different from that in *Junne*: Gutknecht's acceleration was admitted by the government,[8] whereas the record here does not warrant the conclusion that Junne's being ordered to do civilian work nearly a year after his "delinquency" classification and less than three months from his 26th birthday represented a *Gutknecht* acceleration.

The conviction will be affirmed and Junne will be required to perform the two years of work of national importance imposed by the trial judge as the condition of probation.

---

7. The adequacy of Junne's representation is reflected in the light sentence obtained for him. Although put on probation for three years, Junne's sole condition of probation was his performance of two years of alternative service. As a conscientious objector he would have been required to perform those two years even had he not been prosecuted and convicted. 50 U.S.C. App. 456(j).

8. In United States v. Zmuda, 423 F.2d 757, (3d Cir. 1970) cited by the appellant, the acceleration was conceded by the government. Similarly, in Freeston v. United States, 423 F.2d 1311, (7th Cir. 1970), also cited by the appellant, the Court of Appeals stated that the acceleration was clear from the trial record. Both are inapposite here.